Brinkerhoff, J.
The defendant in error brought his action for the recovery of real property, under the code of civil procedure, against the plaintiffs in error, in the common pleas, of Wood county, to recover an outlot in Perrysburgh, in that county, particularly described in his petition.
*576 The action having been submitted to the court of common-pleas for trial without the intervention of a jury, that court made a special finding of facts, which are embodied in a bill of exceptions, and made a part of the record in the case, and thereupon gave judgment for the defendants below; to which judgment the plaintiff below excepted. The plaintiff below then prosecuted a petition in error in the district court of Wood county, and, on hearing, that court reversed the judgment 'of the court of common pleas. To reverse this judgment of reversal, this petition in error is prosecuted here.
In the court of common pleas, to the plaintiff’s petition in ordinary form, the defendants below answered: 1. Denying that the plaintiff was entitled to the possession of the premises in controversy. 2. Setting up seven years open and adverse possession of the premises by themselves and their ancestors under whom they claim, under a tax title, and claiming the benefit of the bar of the statute of March 22,1849, “ to give additional security to land titles in this State.”
The following is the special finding of facts by the court of common pleas:
1. “ That the plaintiff has the paper title to said premises in the petition described, by a perfect chain from Government.
2. That the tax title of the defendants is defective and invalid.
3. That Wm. H. Coarser, the ancestor of defendants, took and held possession of said premises about a year before the tax sale mentioned in defendants’ answer under and by virtue of some kind of claim which witness could not state.
4. That said Wm. H. Coarser then continued the open and notorious possession of said premises, claiming title under said tax sale, using them as his own, up to his death in July, 1854.
5. That on the 4th day of September, 1854, the widow of said Wm. H. Coarser was appointed administratrix, and John Bates administrator, on the estate of the saidWm. H. Coarser deceased.
6. That after the death of said Courser, the widow continued *577 to use, occupy, aud control the said premises, for the benefit of herself and family, up to the commencement of this suit, except as stated in the next paragraph, in the same manner as her said husband, making, in all, more than seven years before the-commencement of this suit.
7. That in the year 1855, the plaintiff cut the grass on the-one half of. said lot, and said widow on the other half; plaintiff cut the grass with the consent, and under some kind of an arrangement with said widow — she stating afterward,, however, that it was a trick of plaintiff to get possession. Said widow has since deceased.”
The answer alleges that the sale of the premises, for taxes, was made on the 8th day of December, 1849, to one John Stuber; and that he conveyed his tax title, such as it was, to-Wm. H. Coarser, the ancestor of defendants below, on the 25th day of the same month; thus making out more than seven years between the time when he received such tax title as he had, and the time of the commencement of this suit.
The question now is, whether the court of common pleas, on the state of fact which it thus found, erred in giving judgment for the defendants below?
Waiving other questions which it is not necessary to determine, we are of opinion that the court of common pleas-did err, and that its judgment was rightfully reversed by the district court, for reasons which I will briefly state.
So much of the above mentioned act of 1849, as bears upon this case, is the first clause of the second section:. “ That no action of ejectment, or other action for the recovery of lands or tenements, shall be brought against any pérson claiming under or by virtue of any judicial sale, or any sale of forfeited or other lands for taxes, except within seven years after open and notorious possession taken and continued by the defendant, or the person, or persons, under whom he may or shall claim.”
The policy of this enactment is the protection of persons, who become purchasers of lands at tax and judicial sales, and who, in faith-of the validity of such sales, take and continue- *578 ■open and notorious possession for seven years. This seems to us evident from the language employed — “No action, etc., shall be brought, etc., except within seven- years after open ■and notorious possession taken and continued by the defendant,” etc. Under what title “taken and continued?” Do -the provisions of the act apply, or were they intended to apply, to a possession taken under a claim of title not derived from a tax or judicial sale, and then continued, both under that and under a title-derived from a tax or judicial sale, and which has been bought in as an auxiliary or alternative title? We think this would not be a true construction of the act, arid that such could not have been the intention of the legislature. Otherwise, why should the word “taken,” be employed ? If such was the intention of the legislature, the -word “taken” is clearly superfluous. We are of opinion that the meaning of this provision of the act is the same as if it were written thus — except within seven years after open and notorious possession taken and held, under such judicial sale, or sale for taxes, by the defendant, etc.
If this construction of the statute of 1849 be correct, it is sufficient to dispose of the case; for the court of common pleas find, as a fact, that Wm. H. Coarser, the ancestor of defendants below, did not, in the first place, take possession of the premises in dispute, under a tax title, but about a year prior to obtaining his tax title, he took possession under some other claim of title, as to the character and origin of which the court was not informed; and in this possession there -seems to have been no break; it was continuous.
The facts found by the court of common pleas, therefore, ■do not bring the defendants below within the class of persons to whom the statute of 1849 applies; and, as the judgment of the court proceeded solely on the ground of the supposed bar of this statute, it was erroneous.

Judgment of district court affirmed.

Scott, C.J., and Sutliff, Peck and Gholson, JJ., concurred.